UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

J.P. BRENTWOOD CLIVEDEN,

    Plaintiff,

v.

CDM CLINICAL DATA MANAGEMENT
DEUTSCHLAND GMBH f/k/a TEAMWORKS
COMMUNICATION SYSTEMS GMBH, CDM
CLINICAL DATA MANAGEMENT U.K. LTD.,
TEAMWORKS CLINICAL SERVICES LTD,
TEAMWORKS CLINICAL SOLUTIONS LTD.,
TEAMWORKS CLINICAL SERVICES, INC.,
TEAMWORKS CLINICAL SOLUTIONS
INTERNATIONAL, INC., TEAMWORKS
CLINICAL SOLUTIONS PRIVATE LTD. and
DR. THOMAS HEINA,

    Defendants.

Civil Action No.: 04-11093-JLT

## ANSWER OF DEFENDANT THOMAS HEINA TO THE COMPLAINT OF J.P. BRENTWOOD CLIVEDEN

Defendant Dr. Thomas Heina ("Defendant" or "Dr. Heina") hereby submits this Answer to the Complaint and Demand for Jury Trial by J. P. Brentwood Cliveden ("Cliveden" or "Plaintiff"). All allegations not specifically admitted are deemed denied.

### Nature of the Action

1. Paragraph 1 of the Complaint contains a purported description of the action to which no response is required. To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

### Jurisdiction and Venue

2. To the extent that the allegations contained in Paragraph 2 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 2 contains any factual allegations against Dr. Heina, they are denied.

3. To the extent that the allegations contained in Paragraph 3 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 3 contains any factual allegations against Dr. Heina, they are denied.

4. To the extent that the allegations contained in Paragraph 4 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 4 contains any factual allegations against Dr. Heina, they are denied.

### The Parties

5. Defendant admits only that Cliveden is an individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. Answering further, Defendant states that "TEAMworks Clinical Solutions International Ltd." is not named as a defendant in the caption of the Complaint, in the Summons, or on the Civil Cover Sheet.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

**Allegations Pertinent to All Counts**

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits only that Thomas Heina communicated with Cliveden through e-mails and telephone calls. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits only that certain entities named in the Complaint are involved in the business of providing technical support, training, implementation services and licensing of specialized software to the pharmaceutical industry to assist in bringing products to market. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 18 of the Complaint. Any remaining factual allegations directed at Dr. Heina are denied.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits only that he provided Cliveden with a sample form employment agreement. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits only that Rob Duggan prepared a letter to Cliveden. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits only that Dr. Heina sent Cliveden an e-mail on or about March 2, 2003 confirming the termination of Cliveden's services. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT ONE

### Breach of Contract

37. Defendant repeats and re-alleges its answers to Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. To the extent that the allegations contained in Paragraph 41 of the Complaint state or call for a legal conclusion, no response is required. To the extent that Paragraph 41 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT TWO

### Promissory Estoppel

42. Defendant repeats and re-alleges its answers to Paragraph 1 through 41 of the Complaint as though fully set forth herein.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. To the extent that the allegations contained in Paragraph 44 of the Complaint state or call for a legal conclusion, no response is required. To the extent that Paragraph 44 contains any factual allegations directed at Dr. Heina, they are denied.

45. To the extent that the allegations contained in Paragraph 45 of the Complaint state or call for a legal conclusion, no response is required. To the extent that Paragraph 45 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT THREE

### Quantum Meruit

46. Defendant repeats and re-alleges its answers to Paragraph 1 through 45 of the Complaint as though fully set forth herein.

47. To the extent that the allegations contained in Paragraph 47 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 47 contains any factual allegations directed at Dr. Heina, they are denied.

48. To the extent that the allegations contained in Paragraph 48 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 48 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT FOUR

### Action in Reliance

49. Defendant repeats and re-alleges its answers to Paragraph 1 through 48 of the Complaint as though fully set forth herein.

50. To the extent that the allegations contained in Paragraph 50 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 50 contains any factual allegations directed at Dr. Heina, they are denied.

51. To the extent that the allegations contained in Paragraph 51 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 51 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT FIVE

### Unjust Enrichment

52. Defendant repeats and re-alleges its answers to Paragraph 1 through 51 of the Complaint as though fully set forth herein.

53. To the extent that the allegations contained in Paragraph 53 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 53 contains any factual allegations directed at Dr. Heina, they are denied.

54. To the extent that the allegations contained in Paragraph 54 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 54 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT SIX

### Termination in Violation of Public Policy

55. Defendant repeats and re-alleges its answers to Paragraph 1 through 54 of the Complaint as though fully set forth herein.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. To the extent that the allegations contained in Paragraph 57 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 57 contains any factual allegations directed at Dr. Heina, they are denied.

58. To the extent that the allegations contained in Paragraph 58 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 58 contains any factual allegations directed at Dr. Heina, they are denied.

## COUNT SEVEN

### Reach and Apply

59. Defendant repeats and re-alleges its answers to Paragraph 1 through 58 of the Complaint as though fully set forth herein.

60. Defendant admits only that a TEAMworks entity has entered into a contract with Merck and that the contract has not been fully performed. Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. To the extent that the allegations contained in Paragraph 61 of the Complaint state or call for a legal conclusion no response is required. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of the Complaint.

62. To the extent that the allegations contained Paragraph 62 of the Complaint state or call for a legal conclusion no response is required. To the extent that Paragraph 62 contains any factual allegations directed at Dr. Heina, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted. Therefore the Complaint should be dismissed with prejudice.

### Second Affirmative Defense

Count One of the Complaint must be dismissed because Plaintiff has failed to establish the requisite factual elements of a breach of contract including the existence of either an implied or express contract.

### Third Affirmative Defense

Count Two of the Complaint must be dismissed because Plaintiff has failed to establish the requisite elements of a claim for promissory estoppel.

### Fourth Affirmative Defense

Count Three of the Complaint must be dismissed because Plaintiff has failed to establish the requisite elements of a claim for recovery in *quantum meruit*.

### Fifth Affirmative Defense

Count Four of the Complaint must be dismissed because Plaintiff has failed to establish the requisite elements of a claim for action in reliance.

### Sixth Affirmative Defense

Count Five of the Complaint must be dismissed because Plaintiff has failed to establish the requisite factual elements of a claim for unjust enrichment.

### Seventh Affirmative Defense

Count Six of the Complaint must be dismissed because Plaintiff has failed to establish the requisite elements of a claim for termination in violation of public policy.

### Eighth Affirmative Defense

Plaintiff is barred from recovery because by his conduct he has waived some or all of claims that he may have had against the Defendant.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part because of a failure of a condition precedent.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the statute of frauds.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because by his own actions Plaintiff has acquiesced and thereby given up his right to recovery.

### Twelfth Affirmative Defense

Plaintiff is barred from any recovery under the doctrine of laches.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because any damages suffered by Plaintiff are the result of his own action, inaction, or omission.

### Fourteenth Affirmative Defense

The Complaint must be dismissed because Plaintiff was never an employee of the Defendant in fact or in law.

### Fifteenth Affirmative Defense

The Complaint must be dismissed because Plaintiff was never engaged to perform services for the Defendant as an independent contractor as a matter fact or law.

### Sixteenth Affirmative Defense

Plaintiff's claims for damages must be dismissed due to Plaintiff's failure to mitigate his damages and in the alternative any purported damages must be offset by Plaintiff's interim earnings or other income.

### Seventeenth Affirmative Defense

To the extent that Plaintiff claims he is owed reimbursement for expenses, he is barred from recovery in whole or in part because he has failed to submit appropriate documents, including documentation of authorization and authentic receipts, on a timely basis.

WHEREFOR, Defendant prays that the Court enter judgment in its favor dismissing any claims against it and awarding it such other and further relief as the Court may deem just and proper.

### Jury Demand

Dr. Heina demands a trial by jury on all issues so triable.

Respectfully Submitted,

THOMAS HEINA

By his attorneys:

Henry A. Sullivan (BBO #544371)
Lisa A. Weinman (BBO #648057)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

DATED:  December 3, 2004

### CERTIFICATE OF SERVICE

I hereby certify that this 3rd day of December, 2004, the foregoing *Answer of Defendant Thomas Heina to the Complaint of J. P. Brentwood Cliveden* was served upon all counsel in this matter by mailing copies thereof, first class postage prepaid, addressed to:

Jessica Block
Block & Roos, LLP
60 State Street, Suite 3800
Boston, MA  02109

Robert V. Lizza
Holland & Knight, LLP
10 St. James Avenue
Boston, MA  02116

Lisa A. Weinman