UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. BRENTWOOD CLIVEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>CDM CLINICAL DATA MANAGEMENT<br>DEUTSCHLAND GMBH f/k/a TEAMWORKS<br>COMMUNICATION SYSTEMS GMBH, CDM<br>CLINICAL DATA MANAGEMENT U.K. LTD.,<br>TEAMWORKS CLINICAL SERVICES LTD,<br>TEAMWORKS CLINICAL SOLUTIONS LTD.,<br>TEAMWORKS CLINICAL SERVICES, INC.,<br>TEAMWORKS CLINICAL SOLUTIONS<br>INTERNATIONAL, INC., TEAMWORKS<br>CLINICAL SOLUTIONS PRIVATE LTD. and<br>DR. THOMAS HEINA,<br><br>    Defendants. | Civil Action No.: 04-11093-JLT |

## DEFENDANTS TEAMWORKS CLINICAL SOLUTIONS, LTD., TEAMSWORKS CLINICAL SOLTUIONS PRIVATE, LTD., AND CDM CLINICAL DATA MANAGEMENT U.K., LTD.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants TEAMworks Clinical Solutions, Ltd. ("TEAMworks U.K.,"), TEAMworks

Clinical Solutions Private, Ltd. ("TEAMworks Singapore"), and CDM Clinical Data

Management U.K., Ltd., f/k/a TEAMworks Clinical Services, Ltd. ("CDM U.K.") (collectively,

the "Defendants") submit this memorandum in support of their contemporaneously filed Motion

to Dismiss. Because this Court lacks personal jurisdiction over the Defendants, the Court should

dismiss them from this litigation.

## NATURE OF THE CASE

This case centers on plaintiff J.P. Brentwood Cliveden's ("Plaintiff") purported claims

that he was an employee and that he is owed compensation, including salary, benefits and bonus

payments, as well as reimbursement for expenses. Remarkably, the Plaintiff purports to assert

his claims against seven corporate defendants, but fails to make any allegations specially related

to any individual entity. Instead, he contends in conclusory fashion that all of the defendants are

"interrelated entities, with interlocking directorates, owned and controlled by [defendant Thomas

Heina], or in which he has an ownership interest, and organized for his benefit and at his behest."

Complaint ¶ 13. Relying on this bare and unfounded assertion, Plaintiff proceeds throughout the

Complaint to level his allegations against all seven corporate defendants collectively.

Plaintiff attempts to cast a broad net by indiscriminately suing multiple defendants that

have nothing whatsoever to do with this matter. Moreover, three of the defendants --

TEAMworks U.K., TEAMworks Singapore, and CDM U.K. -- have no relationship with

Massachusetts and, thus, there is no jurisdiction over them in this Court. Accordingly, the claims

against these Defendants must be rejected by this Court.

## RELEVANT ALLEGATIONS OF THE COMPLAINT

Plaintiff is an individual who resides in Massachusetts. Complaint ¶ 5. Plaintiff alleges

that in May 2000, while he was employed by IBM, defendant Dr. Thomas Heina ("Dr. Heina")

began to recruit him to work for TEAMworks Clinical Services, Inc. "and related entities abroad

and in the United States." Complaint ¶ 15. He further alleges that, in the course of negotiations,

Dr. Heina "communicated with Cliveden on numerous occasions through e-mails and telephone

calls directed to Boston from Germany, the UK and Singapore" and that he met with Heina in

"Hanover, Germany, London, Baltimore, MD, and in Boston, MA." Complaint ¶¶ 16, 17.

2

In an attempt to rope multiple defendants into the case, Plaintiff alleges that "[d]uring the time that Heina recruited Cliveden to work for TEAMworks and, indeed, after Cliveden commenced work for TEAMworks, Heina made no distinctions between the German, UK, Singapore and US based entities, or between TEAMworks affiliates and subsidiaries in any other jurisdiction in the US or abroad, repeatedly referring to the companies collectively as 'TEAMworks.'" Complaint ¶ 17. Further, he alleges that the "stationary and business cards used by TEAMworks employees, wherever based, referred generically to 'TEAMworks' and not to any particular entity." Id. Plaintiff, however, offers no material support for his claims against the Defendants, nor any basis for maintaining an action against them in Massachusetts.

Instead, the remainder of the Complaint relies on broad and general allegations pertaining to Plaintiff's purported relationship with "TEAMworks" with no distinction between, or discussion regarding, the separate corporate entities. While most of Plaintiff's allegations are not relevant to this Motion to Dismiss, in brief summary, Plaintiff alleges that:

- He was recruited to work for "TEAMworks" as an employee and was promised compensation and other benefits. Complaint ¶¶ 18, 19.

- He commenced employment with "TEAMworks" on or about August 22, 2000. Complaint ¶ 22.

- "Heina and TEAMworks staff continued to treat Cliveden as an employee throughout 2002...." Complaint ¶ 28.

- "On or about March 2, 2003....Heina sent Cliveden an e-mail purporting to terminate his business relationship with TEAMworks and any TEAMworks affiliate." Complaint ¶ 34.

3

Notably, TEAMworks U.K., which is incorporated and has its principle place of business in the United Kingdom, was founded as a corporation on or about January 21, 2004. See Affidavit of Anna Catherine Higgins Regarding TEAMworks Clinical Solutions, Ltd. ("Higgins U.K. Aff.") at ¶ 2 (attached hereto at Tab A). Similarly, TEAMworks Singapore, which is incorporated and has its principle place of business in Singapore, was founded on or about December 2003. See Affidavit of Anna Catherine Higgins Regarding TEAMworks Clinical Solutions Private, Ltd. ("Higgins Singapore Aff.") at ¶ 2 (attached hereto at Tab B).

As Plaintiff admits in the Complaint, his relationship with "TEAMworks" came to an end in early March 2003. Complaint at ¶ 34. Thus, it is indisputable that TEAMworks U.K. and TEAMworks Singapore were not even in existence during the period that the operative events alleged in the Complaint purportedly took place.

## ARGUMENT

In essence, Plaintiff claims that all seven of the defendants in this case, including the three Defendants which are the subject of this Motion, employed him and now owe him compensation and other benefits. The Court, however, should dismiss Plaintiff's claims against TEAMworks U.K., TEAMworks Singapore, and CDM U.K. because it lacks personal jurisdiction over them.

The Court has no specific jurisdiction over the Defendants because the Massachusetts long-arm statute does not apply and because the exercise of specific jurisdiction would be contrary to federal due process requirements. Further, the Court has no general jurisdiction over the Defendants because the Defendants have not engaged in continuous and systematic activity in Massachusetts.

4

**I.    Personal Jurisdiction and the Court's Standard of Review.**

There are two manners in which a federal court can gain personal jurisdiction over a defendant. First, the court can have specific jurisdiction over a defendant. Specific jurisdiction exists where the forum state has a long-arm statute that purports to grant jurisdiction over the defendant, and the exercise of jurisdiction pursuant to that long-arm statute is consistent with federal due process requirements. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). Alternatively, a court can have general jurisdiction over a defendant. General jurisdiction exists where the defendant has engaged in continuous and systematic activity within the forum state. United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992) ("Pleasant St.").

When a defendant challenges personal jurisdiction, the plaintiff has the burden of proving that personal jurisdiction exists. Callahan v. Harvest Bd. Intern., Inc., 138 F. Supp.2d 147, 153 (D.Mass. 2001). Mere "allegations in a lawyer's brief or legal memorandum are insufficient... to establish jurisdictional facts." Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001); Callahan, 138 F. Supp. at 153. "[A] plaintiff must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of **evidentiary quality**." Barrett, 239 F.3d at 27 (emphasis added) (citations omitted). Further, in deciding whether personal jurisdiction exists, the Court can review any competent evidence that the parties submit in addition to the Complaint. See Foster-Miller, 46 F.3d at 145-47 (describing the three factual inquiries into personal jurisdiction that a federal court can undertake, all of which can involve going beyond the pleadings).

In this case, the only allegation that Plaintiff offers in support of the exercise of personal jurisdiction over the Defendants is the conclusory assertion that "[l]ong-arm jurisdiction against

the foreign defendants is based upon M.G.L. c. 223A, § 3(a) and (c) and (d)." Complaint at ¶ 4. This bare assertion, even when read in light of the full Complaint, is insufficient to meet the burden of proving that personal jurisdiction over the Defendants exits.

Moreover, as demonstrated below, and as supported by the accompanying affidavits, the Court has no specific or general jurisdiction over the Defendants.

## II. There Is No Specific Jurisdiction Because the Massachusetts Long-Arm Statute Does Not Apply to the Defendants.

As stated above, federal courts must first examine the forum state's long-arm statute in determining whether specific jurisdiction exists. Foster-Miller, 46 F.3d at 144. In pertinent part, the Massachusetts long-arm statute permits a court to exercise jurisdiction over a person where the cause of action arises from the person:

(a)     transacting any business in [Massachusetts];

(c)     causing tortious injury by an act or omission in [Massachusetts];

(d)     causing tortious injury in [Massachusetts] by an act or omission outside [Massachusetts] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts.]

Mass. Gen. Law Ch. 223A, § 3.[1]

---

[1]     With good reason, Plaintiff has not alleged that the other subsections of the Massachusetts long-arm statute are applicable. On their face, they are not. Section (b) of the statute does not apply because Plaintiff has not alleged that his claims *arise out of* the Defendants having contracted to supply services or things in Massachusetts and, moreover, none of the Defendants have contracts to supply services or things in Massachusetts. See Higgins U.K. Aff. at ¶ 3; Higgins Singapore Aff. at ¶ 3; Affidavit of Thomas Heina Regarding CDM Clinical Data Management U.K., Ltd. ("Heina Aff.") at ¶ 3 (attached hereto at Tab C). Sections 3(e) and 3(f) of the statute do not apply to the Defendants because they do not own, have an interest in, use, or possess real property in Massachusetts, nor have any of the Defendants contracted to insure any person, property, or risk located within Massachusetts. See Higgins U.K. Aff. at ¶¶ 5, 8; Higgins Singapore Aff. at ¶¶ 5, 8; Heina Aff. at ¶¶ 5, 8. Section 3(g) and 3(h) of the long-arm statute do not apply to the Defendants because this case does not involve marital or family law issues.

A.    **Plaintiff's Claims Do Not Arise from the Defendants Having Transacted Business in Massachusetts.**

Under § 3(a) of the long-arm statute, not only must the Defendants have transacted business in Massachusetts, but Plaintiff's claims also mush have *arisen out of* that same business. Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994). Plaintiff has the burden of demonstrating that his claims arise out of the Defendants' transactions in Massachusetts. Raleigh Rug Co. v. R.A. Civitello Co., 23 Mass.App.Ct. 1025, 1026, 505 N.E.2d 553, 554 (1987). To meet this burden, Plaintiff must demonstrate a "rational nexus" between the Defendants' business in Massachusetts and Plaintiff's alleged injury. Merced v. JLG Indus., Inc., 170 F. Supp.2d 65, 71 (D.Mass. 2001).

In this case, Plaintiff has made no allegations of any business activity by the Defendants in Massachusetts, and in fact, none of the Defendants has transacted any business here. See Higgins U.K. Aff. at ¶ 3; Higgins Singapore Aff. at ¶ 3; Affidavit of Thomas Heina Regarding CDM Clinical Data Management U.K., Ltd. ("Heina Aff.") at ¶ 3 (attached hereto at Tab C). Given that Plaintiff has not even alleged that the Defendants have transacted business in Massachusetts, he clearly cannot assert that his claims *arise out* of such transactions.

The Complaint, moreover, is devoid of any specific allegations against TEAMworks U.K., TEAMworks Singapore or CDM U.K. Instead, Plaintiff attempts to draw the Defendants into this litigation through his general allegations against "TEAMworks." Even assuming *arguedo* that some of the other defendants named in the suit have transacted business in Massachusetts, Plaintiff's general allegations are not sufficient to establish jurisdiction over TEAMworks U.K., TEAMworks Singapore, or CDM U.K. Plaintiff has not alleged, and cannot show, that there is a "rational nexus" between the Defendants business activities in

7

Massachusetts and his alleged injury. <u>Merced</u>, 170 F. Supp.2d at 71. Hence, § 3(a) provides no basis for maintaining personal jurisdiction over the Defendants.

**B.    <u>Plaintiff's Claims Do Not Arise from any Act or Omission by the Defendants in Massachusetts and, in any Case, Plaintiff Has Not Alleged Tortious Injury.</u>**

Section 3(c) of the long-arm statutes requires Plaintiff to establish that the Defendants caused *tortious injury* through an act or omission *in Massachusetts*. Plaintiff has not alleged any form of tortious injury and thus § 3(c) does not apply as a matter of law. Additionally, as noted above, the Complaint lacks any specific allegations about any of the Defendants. There is nothing in the Complaint to suggest that TEAMworks U.K., TEAMworks Singapore, or CDM U.K. took, or failed to take, any action in Massachusetts which would satisfy the long-arm statute. Thus, § 3(c) does not provide a basis to maintain personal jurisdiction over the Defendants.

**C.    <u>Plaintiff Does Not Allege Tortious Injuries and, in any Case, the Defendants Do Not Regularly Do Business in Massachusetts or Derive Substantial Revenue from Goods or Services in Massachusetts.</u>**

Section 3(d) of the Massachusetts long-arm statute requires both that: (1) the Defendant's out-of-state conduct have caused Plaintiff *tortious injury* within Massachusetts; and (2) the Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Massachusetts. <u>Merced</u>, 170 F. Supp. 2d at 71-72.

As noted above, Plaintiff's alleged injuries are not tortious and, thus § 3(d) cannot apply as a matter of law. Further, the Defendants do not regularly do or solicit business, or engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Massachusetts. <u>See</u> Higgins U.K. Aff. at ¶¶ 3, 4; Higgins Singapore Aff. at

¶¶ 3, 4; Heina Aff. at ¶¶ 3, 4.  Therefore, Plaintiff cannot satisfy § 3(d) of the Massachusetts long-arm statute.

In sum, no subsection of the Massachusetts long-arm statute – M.G.L. c. 223A, § 3 – establishes personal jurisdiction in this Court over the Defendants.  Because the Massachusetts long-arm statute extends to the furthest boundaries of the due process clause of the Fourteenth Amendment,[2/] the Court can end its inquiry into personal jurisdiction at this point and dismiss Plaintiff's lawsuit without engaging in further analysis of federal due process principles.

**III.    Even if Plaintiff Could Satisfy the Massachusetts Long-Arm Statute, the Exercise of Specific Jurisdiction over the Defendants in Massachusetts Still Would Violate Federal Guarantees of Due Process.**

Even assuming *arguendo* that Plaintiff could satisfy any subsection of the Massachusetts long-arm statute, the Court would still have to consider whether the exercise of specific jurisdiction over the Defendants comports with federal standards of due process.  Foster-Miller, 46 F.3d at 144.  This "minimum contacts" analysis considers whether:  (1) there is any reasonable relationship between Plaintiff's claims and the Defendants' conduct within Massachusetts; (2) the Defendants have purposefully availed themselves of the protections of Massachusetts law; and (3) the exercise personal jurisdiction over the Defendants would comport with notions of fair play and justice.  In re Lupron Mktg. & Sales Practices Litigation, 245 F. Supp.2d 280, 289 (D. Mass. 2003).

**A.    There Is No Reasonable Relation Between Plaintiff's Claims and the Defendants' Conduct within Massachusetts.**

In determining whether specific jurisdiction exists, the Court must first determine whether Plaintiff's claims are reasonably related to the Defendants' conduct within Massachusetts.  Pleasant St., 960 F.2d at 1089.  In order for a "reasonable relation" to exist, there

---

[2/]    See "Automatic" Sprinkler Corp. of Am. V. Seneca Foods Corp., 361 Mass. 441, 443, 286 N.E.2d 423, 424 (1972).

must be a "meaningful link" between Plaintiff's claims and the Defendants' conduct within Massachusetts. Merced, 170 F. Supp.2d at 74. Plaintiff has not even alleged any facts indicating that such link exists with regard to TEAMworks U.K., TEAMworks Singapore or CDM U.K. In particular, Plaintiff fails to allege that any of Defendants took any action in Massachusetts.

To the contrary, the accompanying affidavits make clear that none of the Defendants have had any meaningful contact with Massachusetts or with Plaintiff. Plaintiff was never an employee or contractor of any of the Defendants, and never provided services for any of the Defendants. See Higgins U.K. Aff. at ¶ 2; Higgins Singapore Aff. at ¶ 2; Heina Aff. at ¶2. None of the Defendants have conducted any business, have any contracts, or have any property or assets in Massachusetts. See Higgins U.K. Aff. at ¶¶ 3, 5; Higgins Singapore Aff. at ¶¶ 3, 5; Heina Aff. at ¶¶ 3,5. Thus, Plaintiff's claims do not arise out of the Defendants' contacts with Massachusetts.

**B.** **The Defendants Have Not Purposefully Availed Themselves of Massachusetts Law.**

The requirement that the Defendants have purposefully availed itself of the privileges and protections of Massachusetts law "ensures that [they] will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contact[s] . . ." Burger King Corp. v. Rudzewica, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Moreover, the analysis of whether the Defendants availed themselves of Massachusetts law is limited to the contacts the Defendants had with Massachusetts at the time that Plaintiff's claims arose. Callahan, 138 F. Supp.2d at 160; Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 295 F.3d 59, 66 (1st Cir. 2002).

In this case, two of the Defendants, TEAMworks U.K. and TEAMworks Singapore, were not even in existence at the time Plaintiff's claims arose. See Higgins U.K. Aff. at ¶ 2; Higgins

Singapore Aff. at ¶ 2; Heina Aff. at ¶2.  All of the Defendants have had limited, if any, contact with Massachusetts, and certainly did not avail themselves of Massachusetts law during the period in which Plaintiff's claims arose.

### C.    The Assertion of Personal Jurisdiction Over the Defendants Would Defy Notions of Fair Play and Substantial Justice.

There are five factors the Court must review in deciding whether the assertion of personal jurisdiction comports with fair play and substantial justice:  (1) the burden on the Defendants of appearing in Massachusetts; (2) Massachusetts' interest in adjudicating the dispute; (3) Plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all states in promoting substantive social policies. Pleasant St., 960 F.2d at 1088.

First, in this case, it is a greater burden on the Defendants to appear in Massachusetts than it would be for Plaintiff to appear elsewhere.  In fact, Plaintiff has already initiated litigation in the United Kingdom.  Tellingly, following discovery, Plaintiff voluntarily withdrew his claims on the eve of a dispositive hearing.[3]

Furthermore, most of the witnesses in this dispute reside in the U.K. or Singapore. Likewise, all of the Defendants' documents relating to its business activities are located in the U.K. or Singapore.  None are in Massachusetts.  Other relevant witnesses reside not in Massachusetts but overseas, in Germany or other parts of the world.  In sum, for the Defendants to litigate this matter in Massachusetts would involve a great burden to the Defendants, whereas it would not burden Plaintiff to litigate elsewhere (assuming that there is any merit to Plaintiff's claims, which Defendants deny), as evidenced by the fact that he has already pursued litigation in the U.K.

---

[3]    Plaintiff's actions resulted in a substantial award of attorneys fees against Plaintiff.

Second, Massachusetts has little or no interest in having this dispute with regard to the Defendants adjudicated within its borders. The best indicia of Massachusetts' interest – its long-arm statute – provides *no basis* for exercising personal jurisdiction over the Defendants. See Section II, above.

Third, Plaintiff's interest in obtaining convenient and effective relief is outweighed by the burden placed upon the Defendants. Rather than focusing his Complaint on certain defendants and providing specific allegations, Plaintiff has cast an unsupportable, overly broad net. In so doing, he attempts to bring the Defendants into this litigation, despite the fact that they have no connection to Massachusetts and no relationship to Plaintiff's claims. Plaintiff, moreover, has demonstrated his ability to litigate in other countries by initiating and participating in litigation overseas. Thus, Plaintiff has a reasonable alternative means to pursue his claims against the Defendants.

Fourth, the judicial system's interest in obtaining the most effective resolution of the controversy, is "[g]enerally... consider[ed] ... a wash." Merced, 170 F.Supp. at 76. This should be particularly so where, as noted above, Plaintiff has offered no basis for jurisdiction in Massachusetts or anywhere else in the U.S. Here, the Defendants are all non-U.S. entities and dismissing them from this litigation in Massachusetts will not place any greater burden on the U.S. judicial system.

The final factor – the interest of a sovereign in promoting its substantive social policies -- also weighs against finding that personal jurisdiction exists over the Defendants in Massachusetts. This is particularly so where the litigation involves non-U.S. companies which operate under, and are subject to, very different substantive law.

In sum, the exercise of personal jurisdiction over the Defendants in this case would offend federal notions of due process because there exists no specific jurisdiction in Massachusetts.

## IV.    The Court Lacks General Jurisdiction Over the Defendants.

As noted above, where a court lacks specific jurisdiction over a defendant, it still may have general jurisdiction. Pleasant St., 960 F.2d at 1088. The Court only has general jurisdiction over the Defendants, however, if their "contacts are 'sufficiently continuous and systematic' that the assertion of jurisdiction is 'reasonable and just.'" United States v. Swiss Am. Bank Ltd., 116 F. Supp.2d 217, 223 (D. Mass. 2000) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)). "The standard for evaluating whether contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions." Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998) (internal quotations and citations omitted) (emphasis added).

In deciding whether a company's contacts are sufficiently continuous and systematic, federal courts look to factors such as in-state ownership of property, a license to do business within the state, the payment of state taxes, the in-state presence of corporate offices, officers, and employees, contracts signed with state residents, and the volume of business regularly transacted and solicited within the state. Lupron, 245 F. Supp.2d at 289. In this case, the Defendants do not own property in Massachusetts, are not licensed to do business within the state, do not pay Massachusetts state taxes, and have no offices, officers, or employees located Massachusetts. See Higgins U.K. Aff. at ¶¶ 4, 5, 6; Higgins Singapore Aff. at ¶¶ 4, 5, 6; Heina Aff. at ¶¶ 4, 5, 6. None of the Defendants have contracts or agreements with any entity in Massachusetts, nor do they solicit, sell or provide any goods or services in Massachusetts. See

Higgins U.K. Aff. at ¶ 3; Higgins Singapore Aff. at ¶ 3; Heina Aff. at ¶ 3. Plaintiff cannot establish that there exists specific jurisdiction over the Defendants in Massachusetts, let alone meet the far more difficult burden of establishing general jurisdiction.

## **CONCLUSION**

The Court lacks personal jurisdiction over TEAMworks U.K., TEAMworks Singapore, and CDM U.K. and thus it should dismiss these Defendants from this lawsuit. The Court has no specific jurisdiction over the Defendants because the Massachusetts long-arm statute does not apply to them, and to exercise specific jurisdiction would be contrary to federal due process requirements. The Court has no general jurisdiction over the Defendants because the Defendants have not engaged in continuous and systematic activity in Massachusetts.

WHEREFORE, the Defendants respectfully requests that this Court dismiss TEAMworks

Clinical Solutions, Ltd., TEAMworks Clinical Solutions Private, Ltd. and CDM Clinical Data

Management U.K., Ltd. for lack of personal jurisdiction.

Respectfully Submitted,

TEAMWORKS CLINICAL SOLUTIONS, LTD.,
TEAMWORKS CLINICAL SOLUTIONS
PRIVATE, LTD. AND CDM CLINICAL DATA
MANAGEMENT U.K., LTD.

By their attorneys:

Henry A. Sullivan (BBO #544371)
Lisa A. Weinman (BBO #648057)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

DATED:  December 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that this 3rd day of December, 2004, the foregoing *Defendants
TEAMworks Clinical Solutions, Ltd., TEAMworks Clinical Solutions Private, Ltd., and CDM
Clinical Data Management U.K., Ltd.,'s Memorandum of Law in Support of their Motion to
Dismiss* was served upon all counsel in this matter by mailing copies thereof, first class postage
prepaid, addressed to:

Jessica Block
Block & Roos, LLP
60 State Street, Suite 3800
Boston, MA 02109

Robert V. Lizza
Holland & Knight, LLP
10 St. James Avenue
Boston, MA  02116

Lisa A. Weinman

15

**A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. CLIVEDEN,<br><br>        Plaintiff,<br><br>   v.<br><br>CDM CLINICAL DATA MANAGEMENT<br>DEUTSCHLAND GMBH f/k/a TEAMWORKS<br>COMMUNICATION SYSTEMS CDM<br>CLINICAL DATA MANAGEMENT UK LTD,<br>TEAMWORKS CLINICAL SERVICES LTD,<br>TEAMWORKS CLINICAL SOLUTIONS LTD,<br>TEAMWORKS CLINICAL SERVICES, INC.,<br>TEAMWORKS CLINICAL SOLUTIONS<br>INTERNATIONAL INC., TEAMWORKS<br>CLINICAL SOLUTIONS PRIVATE LTD AND<br>DR. THOMAS HEINA,<br><br>        Defendant(s). | Civil Action No.:  04-11903-JLT |

## AFFIDAVIT OF ANNA CATHERINE HIGGINS REGARDING TEAMWORKS CLINICAL SOLUTIONS, LTD.

I, Anna Catherine Higgins, on oath hereby do depose and state that the following is true:

1.      I am a Director in Title of TEAMworks Clinical Solutions, Ltd. ("TEAMworks

U.K).

2.      TEAMworks U.K. has nothing to do to with the claims alleged in J.P. Brentwood

Cliveden's ("Plaintiff") Complaint.  Plaintiff never performed any work for TEAMworks U.K., as

an employee, a contractor, or otherwise.  In fact, TEAMworks U.K. was not incorporated, and did

not exist, until January 2004.

3.      TEAMworks U.K. never has transacted any business in Massachusetts.  It has no

contracts or agreements with any person or other entity in Massachusetts.  Its does not solicit, sell

or provide any products or services in Massachusetts.

4.     TEAMworks U.K. is not licensed to do business in Massachusetts. It does not pay taxes in Massachusetts.

5.     TEAMworks U.K. does not own or lease any property, nor does it have any assets in, Massachusetts.

6.     TEAMworks U.K. does not have any employees or contactors who live or work in Massachusetts.

7.     Since TEAMworks UK was founded, I have not been to Massachusetts for the purpose of conducting business on behalf of TEAMworks U.K.

8.     TEAMworks U.K. never has contracted to insure any person, property or risk located in Massachusetts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 30th day of November, 2004.



Anna Catherine Higgins

LIT 1490205v2

**B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. CLIVEDEN,<br><br>        Plaintiff,<br><br>v.<br><br>CDM CLINICAL DATA MANAGEMENT<br>DEUTSCHLAND GMBH f/k/a TEAMWORKS<br>COMMUNICATION SYSTEMS CDM<br>CLINICAL DATA MANAGEMENT UK LTD,<br>TEAMWORKS CLINICAL SERVICES LTD,<br>TEAMWORKS CLINICAL SOLUTIONS LTD,<br>TEAMWORKS CLINICAL SERVICES, INC.,<br>TEAMWORKS CLINICAL SOLUTIONS<br>INTERNATIONAL INC., TEAMWORKS<br>CLINICAL SOLUTIONS PRIVATE LTD AND<br>DR. THOMAS HEINA,<br><br>        Defendant(s). | Civil Action No.: 04-11903-JLT |

## AFFIDAVIT OF ANNA CATHERINE HIGGINS REGARDING TEAMWORKS CLINICAL SOLUTIONS PRIVATE, LTD.

I, Anna Catherine Higgins, on oath hereby do depose and state that the following is true:

1.    I am a Director of TEAMworks Clinical Solutions Private, Ltd. ("TEAMworks

Singapore").

2.    TEAMworks Singapore has nothing to do to with the claims alleged in J.P.

Brentwood Cliveden's ("Plaintiff") Complaint. Plaintiff never performed any work for

TEAMworks Singapore, as an employee, a contractor, or otherwise. In fact, TEAMworks

Singapore was not incorporated, and did not exist, until December 2003.

3.    TEAMworks Singapore never has transacted any business in Massachusetts. It has

no contracts or agreements with any person or other entity in Massachusetts. Its does not solicit,

sell or provide any products or services in Massachusetts.

4.     TEAMworks Singapore is not licensed to do business in Massachusetts.  It does not pay taxes in Massachusetts.

5.     TEAMworks Singapore does not own or lease any property, nor does it have any assets in, Massachusetts.

6.     TEAMworks Singapore does not have any employees or contactors who live or work in Massachusetts.

7.     Since TEAMworks Singapore was founded, I have not been to Massachusetts for the purpose of conducting business on behalf of TEAMworks Singapore.

8.     TEAMworks Singapore never has contracted to insure any person, property or risk located in Massachusetts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 30th day of November, 2004.

_____
Anna Catherine Higgins

LIT 1490211v2

C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. CLIVEDEN,<br><br>       Plaintiff,<br><br>   v.<br><br>CDM CLINICAL DATA MANAGEMENT DEUTSCHLAND GMBH f/k/a TEAMWORKS COMMUNICATION SYSTEMS CDM CLINICAL DATA MANAGEMENT UK LTD, TEAMWORKS CLINICAL SERVICES LTD, TEAMWORKS CLINICAL SOLUTIONS LTD, TEAMWORKS CLINICAL SERVICES, INC., TEAMWORKS CLINICAL SOLUTIONS INTERNATIONAL INC., TEAMWORKS CLINICAL SOLUTIONS PRIVATE LTD AND DR. THOMAS HEINA,<br><br>      Defendant(s). | Civil Action No.: 04-11903-JLT |

## AFFIDAVIT OF DR. THOMAS HEINA REGARDING CDM CLINICAL DATA MANAGEMENT U.K. LTD.

I, Dr Thomas Heina, on oath hereby do depose and state that the following is true:

1.    I am a Director of CDM Clinical Data Management U.K., Ltd. f/k/a TEAMworks

Clinical Services, Ltd. ("CDM U.K.").

2.    J.P. Brentwood Cliveden ("Plaintiff") never performed any work for CDM U.K., as

an employee, a contractor, or otherwise.

3.    CDM U.K. never has transacted any business in Massachusetts. It has no

contracts or agreements with any person or other entity in Massachusetts.

4.    CDM U.K. is not licensed to do business in Massachusetts. It does not pay taxes in

Massachusetts.

5.    CDM U.K. does not own or lease any property, nor does it have any assets, in Massachusetts.

6.    CDM U.K. does not have any employees or contactors who live or work in Massachusetts.

7.    Since CDM U.K. was founded, I have been to Massachusetts, but never for the purpose of conducting business on behalf of CDM U.K.

8.    CDM U.K. never has contracted to insure any person, property or risk located in Massachusetts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 30th day of November, 2004.

_____
**Dr. Thomas Heina**

LIT 1490212v2