Ref: ww/axw/058387/00002
Case Number: 2303693/2003

dd



# EMPLOYMENT TRIBUNALS

**BETWEEN**

| Applicant | and | Respondent |
|---|---|---|
| Mr B Cliveden | | Teamworks Clinical Services Ltd |

### DECISION OF THE EMPLOYMENT TRIBUNAL

**HELD AT**   London South              **ON**        9 March 2004

**CHAIRMAN**  Ms D Holtham          **MEMBERS**   Ms SV MacDonald
                                                   Mr S Evans

**Appearances**

For Applicant:   Mr N Chronias, Solicitor

For Respondent:  Ms A Palmer, Counsel

### DECISION

The unanimous decision of the Tribunal is that the Respondent's claim for costs under Rule 14 of the Employment Tribunals (Constitution and Rules of Procedure) Regulations 2001 is well-founded and the Applicant shall pay the Respondent £9,460.25.

### SUMMARY REASONS

1. This was a claim for breach of contract, unlawful deduction from wages and unfair dismissal commenced by an Originating Application received by the Tribunal on 30 June 2003. The matter was listed for a two-day hearing commencing on 9 March 2004. On 3 March 2004 the Applicant's solicitors notified the Tribunal and the Respondent's solicitors that the claim was withdrawn and the Applicant intended to pursue his claims for wages and expenses before the High Court. The Respondent applied for costs. The grounds for the application were that the Applicant's conduct of the

1

Case Number: 2303693/2003

proceedings which were pursued until four working days before the hearing date and then abandoned, was unreasonable.

2. It is not necessary or possible for the Tribunal to determine the merits of the Applicant's claim but it was noted that it was contested on the grounds that

   (i) It was out of time.

   (ii) The Applicant was not an employee of any of the Respondents.

   (iii) There was no territorial jurisdiction.

3. The claims included a claim for unfair dismissal which cannot be pursued in the High Court. The claim for deductions from wages could be pursued in either the Tribunal or the High Court. The claim for expenses exceeded the financial limits applicable in Employment Tribunals and therefore would have been better commenced in the High Court in the first place.

4. The Tribunal was satisfied that it was unreasonable not to consider the correct forum until four working days before the hearing. It was inevitable that at least some of the costs incurred would be wasted and it was possible that High Court proceedings would not be brought. If the Applicant was serious about commencing proceedings these could have been issued before the Tribunal costs hearing. In any event, a hearing in the High Court is unlikely to take place for some considerable time and the work already done will have to be revisited. The Tribunal also accepted that if the Respondent was successful in the High Court it would not recover the costs incurred to date in those proceedings.

5. The Tribunal therefore find that the application for costs falls within the categories of Rule 14 in that the conduct of the proceedings was unreasonable and that it is appropriate for the Tribunal to exercise its discretion to award the Respondent its costs to date.

6. The Tribunal elected to assess the costs since the amount claimed was within the Employment Tribunal's jurisdiction under Rule 14(3)(a). It then proceeded to hear evidence from the Respondent's solicitor Mr William Walsh and submissions from both parties on the figures claimed.

7. The claims set out in the Respondent's schedule of costs amounted to £9,989. For the Applicant it was submitted that the time recorded by the supervising partner was excessive, that the 3 hours recorded in connection with the preparation of the IT3 for Teamwork Inc was excessive, that the 8 hours recorded for document preparation was excessive and that the Applicant had failed to use a trainee, rather than an assistant solicitor, to prepare documents for the hearing.

8. The Tribunal concluded that the partner's involvement was necessary to supervise the case and deal with the client in the assistant solicitors' absence. The 3 hours claimed for the IT3 was reduced to 2 hours because it largely duplicated the previous IT3 but still had to be reviewed and checked. The time

Case Number: 2303693/2003

claimed for document preparation was reduced to 6 hours since the 8 hours claimed was on the high side yet the Tribunal was aware that a short list of documents does not necessarily indicate that the solicitor only had to peruse a small number of documents. The Tribunal did not consider that the Respondent should be criticised for failing to use a trainee solicitor to prepare documents for the trial since the evidence was that a trainee was not available and a trainee would, in any event, take longer to deal with the matter than the solicitor familiar with the case.

9. Accordingly the claim for costs was reduced by a total of 3 hours which at a rate of £150 per hour plus VAT amounted to a deduction of £528.75. Therefore the sum payable by the Applicant to the Respondent is £9,460.25.

_____
CHAIRMAN

Decision entered in Register and copies sent to parties on
25th March 2004
_____
for Secretary of the Tribunals

3

03-03-04   09:12   From:BEACHCROFT WANSBROUGHS         +02078946530         +02078946530        T-973  P.02/02  Job-570

# Beachcroft Wansbroughs

Our Ref: PJA/NJC/jyf/CLI118-0368133
Your Ref: 2303693/2003
3 March 2004

The Regional Secretary
London South Employment Tribunal
Montague Court
London Road
West Croydon
CR0 2RF

**BY FAX ONLY: 020 8649 9470**

Dear Sir/Madam

**Mr B Cliveden -v- Teamwork Clinical Services Limited and others**
**Case No: 2303693/2003**

We write to inform the Tribunal that we have been instructed to withdraw Mr Cliveden's claim before it. Mr Cliveden is withdrawing in order to pursue his complaints in respect of outstanding wages and expenses before the High Court. We would therefore be grateful if the Tribunal can specifically reflect that upon withdrawal in order to pursue High Court proceedings, the Tribunal's file is closed.

We have copied this letter to the Respondents' solicitors.

Yours faithfully

Beachcroft Wansbroughs

**Beachcroft Wansbroughs**

c.c. Charles Russell Solicitors

TWK0120

h:\0\368\133\l\2004\0302 el.doc

100 Fetter Lane London EC4A 1BN
Direct Tel: 020 7894 6701  Tel: 020 7242 1011  Fax: 020 7831 6630  Direct Fax: 020 7894 6530
DX 45 London  e-mail: nchronias@bwlaw.co.uk
Birmingham  Bristol  Brussels  Leeds  London  Manchester  Winchester

Beachcroft Wansbroughs is regulated by The Law Society
Partners is available for inspection at each office


INVESTOR IN PEOPLE

RECEIVED TIME    3. MAR.    9:09