staatlich geprüfte und vereidigte
## Dolmetscher & Übersetzer
fremdsprachige Dienstleistungen
Tel. 0511-349197-90, Fax 0511-349197-99
D-30161 Hannover, Veilchenstraße 3

*Stamp:*
Beukenberg
Attorneys
Nov. 21, 2003
Received

Regional Court of Hannover
14 O 265/02

### Order concerning Obligations and Note by the Court

In the matter

<u>Sharp</u>
Attorney Kirsten Weigmann, Podbielskistr. 166, 30177 Hannover
Ad: 63/02KW 20

Versus

<u>TEAMworks Communications Systems G. f. vernetzte Dokumentations- u. Kommunikationslösung mbH</u>
Attorneys Beukenberg pp., Hannover
Pigeon hole no. 292
Ad: H-02-02754 kl/st

I.
Plaintiff is enjoined to submit exhibits K 20 and K 21 translated into German within **2 weeks following receipt of this order**. In this respect, he is reminded again, that the court language is German. He furthermore has to explain, what type of employment he held in the USA in the year of 2000 and in January 2001, whether this employment was terminated and if yes, by whom, and whether Plaintiff has worked for any other company 2001 as well. If applicable, the tax return and notice of assessment for 2001 have to be submitted.

II.
Plaintiff is informed as follows:
1.
The monthly remuneration claimed plus "other claims" does not sum up to the claimed amount.

2.
Regarding the reason for the claim:
The statement regarding conclusion of an employment relation is still unsubstantiated.

To the extent that Plaintiff claims that Witness Clivenden had hired him for Respondent with a fixed salary plus payment of social security contributions, a precise statement has to be made as to when this happened at exactly which conditions. Furthermore, it has to be

staatlich geprüfte und vereidigte
## Dolmetscher & Übersetzer
fremdsprachige Dienstleistungen
Tel. 0511-349197-90, Fax 0511-349197-99
D-30161 Hannover, Veilchenstraße 3

explained, from where one is to derive that Witness Cliveden is employed at Respondent and was authorized to perform additional hiring for Respondent. The e-mail correspondence handed in up to now is not sufficient for this. The employment contract between Cliveden and Respondent needs to be submitted. The statement that Witness Duggan could confirm an authorization is unsubstantiated.

An approval of employment of Plaintiff by Respondent is not present either, judging by the letters filed up to now.

To the extent that Plaintiff claims that Respondent has also undertaken to pay social security contributions for him, the statement remains completely unclear. Considering the fact that the amount of such social security deductions is not fixed in the USA, a really concrete contract showing figure would have to be filed by Plaintiff.

3.
Amount:
To the extent that Plaintiff asks for 26,286.99 USD, it has to be pointed out that Respondent has already informed to be willing to reimburse Plaintiff for traveling expenses, if he accounts for his costs "in an orderly manner". However, Plaintiff has only done this for the flights to Basel, which have then been paid by Repondent. Plaintiff has to explain for all expenses, to what extent he was active for Respondent, what customers he visited and when which additional expenses were incurred for what reason. Currently, the Claim is, in this respect, rejectable. Following substantiation of the statement regarding the reason for the individual flights, several other items have to be proven in more detail as well. Concerning the flight to London (EA 2), only vouchers for hotel and flight are exhibited; for approx. 33.00 USD, there is no voucher at all. For another flight to London (EA 4), costs for air travel are accounted for, although the ticket explicitly says "Company Paid". For the flight to Holland and England, several accounting vouchers are missing.

4.
Telephone costs and miscellaneous:
Here, even a statement regarding a contractual agreement on the reimbursement of costs is missing. What is the basis for Repondent having to pay for office materials - modem - printer cartridges - and what was agreed with respect to telephone calls. If such a contractual agreement is proven, it would have to be listed for each individual telephone call, with whom the telephone call was made in Respondent's name.

III.
Plaintiff is granted a deadline period of **3 weeks starting from the date of receipt of this order** for completing his statement with regard to the notes above, if any.

IV.
Respondent is enjoined to explain, on the basis of which accounting method payments were made to Plaintiff in the year of 2001. In particular, he has to state, whether these payments were lump-sum payments or whether they were performed on the basis of individual invoice accounts only.

staatlich geprüfte und vereidigte
## Dolmetscher & Übersetzer

fremdsprachige Dienstleistungen

Tel. 0511-349197-90, Fax 0511-349197-99
D-30161 Hannover, Veilchenstraße 3

**Deadline: 3 week from receipt of this order.**

Hannover, November 12, 2003
Regional Court, 14th Division for Civil Cases

The Judge sitting alone

Kemner
Judge at the Regional Court