UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 FEB -9 P 4: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

J. P. BRENTWOOD CLIVEDEN

    Plaintiff

    v.

CDM CLINICAL DATA MANAGEMENT
DEUTSCHLAND GmbH f/k/a/ TEAMWORKS
COMMUNICATION SYSTEMS GmbH,
CDM CLINICAL DATA MANAGEMENT UK LTD,
f/k/a TEAMWORKS CLINICAL SERVICES LTD.,
TEAMWORKS CLINICAL SOLUTIONS, LTD,
TEAMWORKS CLINICAL SERVICES, INC.,
TEAMWORKS CLINICAL SOLUTIONS
INTERNATIONAL, INC., TEAMWORKS CLINICAL
SOLUTIONS PRIVATE LTD, and DR. THOMAS
HEINA,

    Defendants.

and

MERCK & CO., INC.,

    Reach and Apply Defendant.

CIVIL ACTION NO. 04 11093 JLT

## SECOND AFFIDAVIT OF BRUCE O. SHARP

Bruce O. Sharp, affirms in lieu of being duly sworn, and deposes and states as follows:

1. I previously submitted an affidavit in support of the application of J. P. Brent Cliveden ("Cliveden") to reach and apply monies due under a contract with Merck & Co to satisfy TEAMworks' obligations to him. Like me, Cliveden was promised salary payments and reimbursement of expenses. I submit this second affidavit to address misleading statements made in the opposition of TEAMworks about my lawsuit against Dr. Heina ("Heina") and TEAMworks Information Systems. I am also submitting this affidavit to demonstrate how

TEAMworks and Heina made the identical, unsupported, defenses raised in my lawsuit to avoid their obligations to pay me as they have raised in their efforts to deprive Cliveden of monies owed to him.

2. Defendants claim that I settled my claim against TEAMworks only after "receiving notice from the German court that [he] had not produced sufficient evidence to sustain his claim." In fact, I produced more than sufficient evidence to substantiate my claims. In the first place, I submitted the Offer of Employment dated January 3, 2001, signed by Heina, demonstrating that I was an at-will employee, not an independent contractor. (A copy of the Offer of Employment is attached as Exhibit 1). In the letter, Heina offers a base salary of $10,450/month plus benefits and bonuses.

4. Secondly, I had overwhelming evidence that, since the inception of my employment, Heina routinely strung out my payments of salary and expenses. Attached as Exhibit B are e-mail exchanges, in chronological order, between (i) Heina and me, Cliveden and me or (iii) Cliveden and Heina, showing my pleas for payment of salary and expenses, as well as (iv) pleas of Cliveden and another co-worker, Douglas Beauregard ("Beauregard"), whom Heina also forced to wait for payment. Almost every month, as the company's payment obligations to us were mounting, I sent an e-mail, as did Beauregard or Cliveden, seeking salary and expense reimbursement.

5. On December 14, 2001, Heina decided to terminate my employment, having failed to pay me, to date, approximately $60,000 then due in salary and expenses. In the e-mail from him terminating my employment, he promised, "To be also clear, there is not doubt that you will get paid what we owe you." (Exhibit 3) Exhibit 4 reflects the amounts owed by December 14, 2001. On January 3, 2002, Heina proposed, due to financial "contrains (not as a

2

'punishment'" [sic] to pay me in three equal installments (Exhibit 5). No payments ever came and I was forced to file a lawsuit.

6. Unfortunately, I was told by my attorney that the German court would not accept e-mail as evidence and that was the way we commonly communicated at TEAMworks. Thus, on the advice of my German lawyer and the sympathetic judge, I settled with Heina.

7. TEAMworks asserts that "each case resulted from a legitimate dispute by the company involved, and was addressed in a directly and timely way." As shown by the evidence, there was no legitimate dispute that the money was owed. I was owed $10,450/month, incurred expenses on the Company's behalf and TEAMworks failed to pay me. Heina simply did not want to pay what he owed under the offer letter. There was nothing timely about the settlement. I did not receive payment until 2 years after the termination of my employment and only after I was forced to litigate in a German court and incur legal expenses.

8. Heina raised the same unsubstantiated arguments in my case as he has in this one. He claimed that because his payments to me (which he alone controlled) were different than those described in the offer letter that I was a "free employee" who would be paid only after proof of working for TEAMworks. (Note that on August 25, 2001, I wrote to Heina "this is a reminder that my salary is $10,450, not $10,000. He never disagreed.) Heina also claimed he did not understand the bills and invoices because they were in English and not German! I found this defense even more incredible given his fluency in English. The description of Heina's defenses from my German attorney is attached as Exhibit 6.

9. It is truly unfortunate that Cliveden must withstand the same delays and the same specious defenses that I did.

*Bruce O. Sharp*     5 Feb 2005
Bruce O. Sharp

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/9/05