FILED
IN CLERKS OFFICE

2005 FEB 11  P 1:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. BRENTWOOD CLIVEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>CDM CLINICAL DATA MANAGEMENT DEUTSCHLAND GMBH f/k/a TEAMWORKS COMMUNICATION SYSTEMS GMBH, CDM CLINICAL DATA MANAGEMENT UK LTD. f/k/a TEAMWORKS CLINICAL SERVICES LTD., TEAMWORKS CLINICAL SOLUTIONS LTD., TEAMWORKS CLINICAL SERVICES, INC., TEAMWORKS CLINICAL SOLUTIONS INTERNATIONAL, INC., TEAMWORKS CLINICAL SOLUTIONS PRIVATE LTD. and DR. THOMAS HEINA,<br><br>    Defendants,<br><br>and<br><br>MERCK & CO., INC.,<br><br>    Reach and Apply Defendant. | Civil Action No. 04-11903-JLT |

### DEFENDANTS CDM CLINICAL DATA MANAGEMENT UK, LTD., TEAMWORKS CLINICAL SOLUTIONS, LTD., AND TEAMWORKS CLINICAL SOLUTIONS PRIVATE, LTD.'S REPLY IN FURTHER SUPPORT OF THEIR <u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

Defendants CDM Clinical Data Management UK, Ltd., ("CDM UK") TEAMworks Clinical Solutions, Ltd., ("TEAMworks UK") and TEAMworks Clinical Solutions Private, Ltd. ("TEAMworks Singapore") (collectively, the "Defendants") submit this Reply Memorandum in Further Support of their Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff J.P. Brentwood Cliveden's (the "Plaintiff") Opposition to the Motion to Dismiss is rife with allegations that are untrue, misleading or irrelevant and introduces several arguments and theories for the first time, thus necessitating this detailed Reply. Most of these allegations

have no bearing on the issue at hand -- whether the Court has personal jurisdiction over the Defendants -- and are included in Plaintiff's brief only in an attempt to embarrass the Defendants and inflame this case.[1/]

The Defendants submit the following specific reply points in order to correct Plaintiff's misstatement and misapplication of the law and his false or misleading allegations.

## I. Plaintiff Has Not Met His Burden Of Proving That This Court Has Personal Jurisdiction Over The Defendants.

Plaintiff's Opposition is bereft of any facts that satisfy the legal standard required to sustain his claims of this Court's personal jurisdiction over the Defendants. As pointed out at the outset in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff has the burden of proving that TEAMworks UK, TEAMworks Singapore and/or CDM UK are subject to either specific or general jurisdiction in Massachusetts. See Callahan v. Harvest Bd. Intern., Inc., 138 F. Supp.2d 147, 153 (D. Mass. 2001). Although it was incumbent upon Plaintiff to provide verified facts and materials of "evidentiary quality" pertaining specifically to the issue of jurisdiction, see Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001); Callahan, 138 F. Supp. at 153, he has utterly failed to do so. Plaintiff's general allegations about the other corporate defendants in this case (who have not contested jurisdiction), even if true -- and the defendants maintain that all of the material allegations are not true -- do not suffice. Hence, the Court must dismiss TEAMworks UK, TEAMworks Singapore and CDM UK from this case.

---

[1/] In his effort to embarrass Defendant Dr. Heina, Plaintiff even resorts to personal attacks that have no bearing on this case. In particular, Plaintiff repeatedly refers to Dr. Heina's "wife" Martina Heina and his "girlfriend" Anna Higgins in the same sentence. Plaintiff does not mention that Dr. Heina and Martina Heina are in the process of an amicable divorce and have also decided, for business reasons, to separate their business interests. See Second Heina Aff. at ¶ 43. Dr. Heina, Martina Heina and Anna Higgins have always conducted themselves in an entirely professional and businesslike manner (and in fact, Plaintiff suggests nothing to the contrary). It is unfortunate -- and revealing -- that Plaintiff has chosen not to address this business dispute in the same professional manner.

2

## II. Plaintiff Attempts To Obfuscate The Jurisdictional Issue With Irrelevant And Baseless Allegations.

No doubt realizing that he cannot satisfy the legal standards for haling the Defendants into court in Massachusetts, Plaintiff instead attempts to obfuscate the jurisdictional issue with allegations that either (1) pertain to Defendants that have not contested the jurisdiction of this Court, or (2) have no bearing on the jurisdictional question, but which Plaintiff apparently hopes will besmirch the Defendants and distract this Court from the Plaintiff's meritless arguments. While the Defendants cannot respond to every irrelevant, misleading or false allegation here (though they reserve the right to do so at a later time), there are several which warrant this Court's rejection of Plaintiff's arguments and allowance of Defendants' Motion.

First, each defendant company named in the Complaint -- including TEAMworks UK, TEAMworks Singapore and CDM UK -- is a legally separate corporation established for a wholly legitimate business purpose. As discussed in detail below and in the Second Affidavit of Thomas Heina ("Second Heina Aff.")(attached hereto at Tab A), each entity has fully complied with the required corporate formalities and applicable legal requirements, thus there is no basis for the Court to pierce the corporate veil or to impute the allegations that Plaintiff makes against one Defendant to all other Defendants. See Second Heina Aff. at ¶¶ 42-63.

Second, it simply is not true that any of the Defendants (or their affiliates) was established to evade creditors or avoid legal liabilities. See Second Heina Aff. at ¶ 3(b). Although Plaintiff attempts to create the impression that numerous employees have left without receiving their full pay, this allegation is entirely false. Not only is it unsupported by the affidavits submitted by Plaintiff, but indeed they prove the contrary: that all employees and contractors have been paid, or, if there was a dispute, it was directly addressed and resolved. See Affidavit of Douglas Beauregard at ¶ 3 (acknowledging that he was paid all sums owed); Affidavit of Anders Krogh at

3

¶ 3 (acknowledging that he has been paid all amounts owed); Affidavit of Victoria Elizabeth Wills (acknowledging that she was "paid in full" upon her resignation); Affidavit of Jeremy Smethurst at ¶ 3 (acknowledging that he has been paid and that all payments to his pension were made after his separation from the company); Affidavit of Douglas Bain at ¶ 3 (stating that he was paid late, but making no assertion whatsoever that he is owed any money); Affidavit of Lance Eminger at ¶ 4 (stating that he has settled all disputes with TEAMworks Information Systems, Pte., Ltd.); Affidavit of Bruce Sharp at ¶ 3 (admitting that he has settled all disputes but failing to acknowledge he settled his claim only after receiving notice from the German court that the evidence he had submitted was inadequate to sustain his claims); see also Second Heina Aff. at ¶ 3(b),(c).

Third, Plaintiff's attempted distortion regarding other purported litigation is belied by the record. It simply is not true that "numerous" employees, contractors, vendors, suppliers and others have been forced to sue to collect sums owed to them.[2] This allegation is patently false. See Second Heina Aff. at ¶ 3(a)-(c). Thus, Plaintiff's suggestion that the Defendant corporations were created for the purpose of evading creditors is utterly baseless.

These three issues go to the heart of Plaintiff's claims and reveal that his response to the jurisdictional question is nothing more than a collection of histrionics, conjecture and falsehoods. Once these baseless claims are stripped away, as the facts and law discussed below incontrovertibly demonstrate, the record shows that Plaintiff cannot maintain his claims against CDM UK, TEAMworks UK, or TEAMworks Singapore.

---

[2] There have been no suits by any vendors, suppliers or the like. See Second Heina Aff. at ¶ 3(c). With regard to employees and contractors, other than Plaintiff, only two other individuals left a company claiming they were owed compensation and filed suit on their claims. One suit, by Lance Eminger, resulted from his own financial mismanagement and was settled within weeks of his demand. The other suit was advanced by another contractor, Bruce Sharp, and settled for a fraction of his initial demand after a German tribunal notified Mr. Sharp that the adduced evidence was inadequate to sustain his claim. Both of these claims are addressed in greater detail in the Second Heina Aff. at ¶¶ 22-26, 36, and in Defendants' Reply in Further Support of their Motion to Dismiss.

4

III. **Plaintiff's Claims Do Not Arise From The Defendants Having Transacted Business In Massachusetts And Hence He Cannot Satisfy The Massachusetts Long Arm Statute.**

Under § 3(a) of the long-arm statute,[3] not only must the Defendants have transacted business in Massachusetts, but Plaintiff also must prove that his claims *arise out of* that same business. Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994); Raleigh Rug Co. v. R.A. Civitello Co., 23 Mass.App.Ct. 1025, 1026, 505 N.E.2d 553, 554 (1987). Plaintiff, however, offers no evidence whatsoever that would satisfy this requirement. In fact, Plaintiff does not even offer any evidence that CDM UK, TEAMworks UK, or TEAMworks Singapore *transacted* any business in Massachusetts.[4]

Plaintiff's vague allegation that some phone calls and emails may have been made (an allegation he does not verify in his Affidavit) is not remotely sufficient. Plaintiff does not give any specifics about these alleged activities – and in particular, he does not say which of the Defendants supposedly was involved. The reason Plaintiff does not attempt to match these alleged activities with those Defendants moving for dismissal is obvious – he simply cannot do so, particularly given that TEAMworks UK and TEAMworks Singapore were not even in existence at time these trivial events purportedly took place.[5]

---

[3] Notably, although Plaintiff's Complaint stated that jurisdiction was based "upon M.G.L. c. 223A, § 3(a) and (c) and (d)" (See Complaint at ¶ 4), his opposition addresses only § 3(a). Plaintiff therefore concedes that the other sections of the Long Arm statute are inapplicable to his claims.

[4] Plaintiff's Opposition attempts to turn the personal jurisdiction analysis on its head. Most of the allegations he offers describe purported events that took place ***outside of Massachusetts***. For example, Plaintiff alleges that "Heina routinely requested that he fly to the Guilford office in the UK to meet with him and UK staff" and that "he met frequently with the Singapore staff, who would travel to the UK or German office." Even if true, these allegations do nothing to advance Plaintiff's position because the jurisdictional analysis turns exclusively on activity in Massachusetts. The fact that Plaintiff may have traveled to offices of the Defendants, or met with representatives of the Defendants, outside of Massachusetts is irrelevant and wholly unavailing.

[5] Defendants previously have verified that they have not transacted any business in Massachusetts. See Affidavit of Anna Higgins Regarding TEAMworks Clinical Solutions, Ltd. ("Higgins U.K. Aff.") at ¶ 3; Affidavit of Anna Higgins Regarding TEAMworks Clinical Solutions, Private, Ltd. ("Higgins Singapore Aff.") at ¶ 3; Affidavit of Thomas Heina Regarding CDM Clinical Data Management U.K., Ltd. ("Heina Aff.") at ¶ 3 (attached hereto at Tab C).

5

The only specific allegations Plaintiff includes (and even these do not identify the alleged Defendant by name) are petty to the point of being ludicrous. Plaintiff alleges, for instance, that he "entered 350 names from business cards sent to [him] in Boston from the Singapore office" into a database and that during "his last trip to the UK office...he spent time addressing, signing and writing notes in holiday cards...," some of which (he does not say how many) were sent to Massachusetts. Certainly, these trivial activities are not enough to bring the (unspecified) defendants into the Court's jurisdiction. See LTX Corp. v. Daewoo Corp., 979 F. Supp. 51, 55 (D. Mass. 1996).

Since Plaintiff has not provided any evidence that the Defendants transacted any business in Massachusetts, he clearly cannot show that his claims arise out of such transaction, as the law requires. To do so, Plaintiff would have to demonstrate a "rational nexus" between the Defendants' conduct in Massachusetts and Plaintiff's alleged injury. Merced v. JLG Indus., Inc., 170 F. Supp.2d 65, 71 (D. Mass. 2001). Once again, Plaintiff's Opposition fails to point to any facts proving that such a "rational nexus" exist. The mere fact that Plaintiff alleges that he worked with certain others in the UK (though he admits that most of the alleged work was performed in the UK, not in Massachusetts) falls far short of this required showing.

In light of the foregoing, Plaintiff cannot satisfy the Massachusetts Long Arm statute, and thus the Defendants must be dismissed from this case.

### IV. Plaintiff Fails To Prove That CDM UK, TEAMworks UK, Or TEAMworks Singapore Are The Alter Ego Of The Defendants That Have Not Contested To Jurisdiction.

Tacitly acknowledging that the basis for personal jurisdiction supplied in the Complaint is insufficient, Plaintiff's Opposition offers a new theory, not pled in the Complaint, and now attempts to draw the Defendants into this litigation by asking the Court to take the extraordinary

6

step of piercing the corporate veil. As demonstrated below, however, this argument lacks all merit and must be rejected by the Court.

Plaintiff's strained reading of Massachusetts case law gives the mistaken impression that he carries a fairly light burden when attempting to pierce the corporate veil. Massachusetts federal courts clearly and uniformly hold that piercing the corporate veil is the rare exception, not the rule, and that a party requesting a court to disregard a corporate form must meet "a very high standard." See, e.g., Birbara v. Locke, 99 F.3d 1233, 1239 (1st Cir. 1996); Dale v. H.B. Smith Co., Inc., 910 F. Supp. 14, 18 (D. Mass. 1995); American Home Assurance Co. v. Sport Maska, Inc., 808 F. Supp. 67, 73 (D. Mass. 1992).[6/] Plaintiff presents no facts that would necessitate piercing the corporate veil, especially under Massachusetts' strict standard and falls far short of his burden.

The seminal Massachusetts case on this issue, My Bread Baking Co., holds that the corporate veil may be pierced:

(a) when there is active and direct participation by the representative of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or

(b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.

My Bread Baking Co., 353 Mass. 614, 619 (1968). Plaintiff fails to allege any facts that meet this standard.

---

[6/] In fact, even the primary case relied on *by Plaintiff* in his Opposition, Schaeffer v. Cybergraphic Systems, Inc. et al, states, "A plaintiff who asks a court to disregard independent corporate structures by piercing a subsidiary's 'corporate veil' faces a high burden of proof. The concept of limited liability is so basic a principle of corporate law that courts are hesitant to disregard the independent corporate structure as between a parent corporation and its corporate subsidiaries." See 886 F. Supp. 921, 924 (D. Mass. 1994).

### (a) Plaintiff Fails To Show Dr. Heina's "Pervasive Control" Over The Defendants.

With regard to the first prong of the My Bread Baking Co. analysis, Plaintiff fails to make the required showing that Dr. Heina exercised "pervasive control" over the Defendants. Relying once again on histrionics and unsupported allegations, Plaintiff argues that all Defendants were "owned and controlled" by Dr. Heina, and that they were organized "for his benefit and at his behest." This assertion is not true, but even if it were, it would not provide sufficient grounds for the Court to pierce the corporate veil.

For instance, contrary to Plaintiff's baseless allegations of Dr. Heina's control over Defendants, Dr. Heina has never had an ownership interest in TEAMWorks Communication Systems, GmbH. (the "GmbH"), the company that retained Plaintiff as an independent contractor. See Second Heina Aff. at ¶ 43. Even if Plaintiff's allegations were true, they alone cannot support piercing the corporate veil. See, e.g., Miller v. Honda Motor Co., Ltd., 779 F.2d 769 (1st Cir. 1985) ("Even where there is a common control of a group of separate corporations engaged in a single enterprise, failure to meet the criteria established in *My Bread Baking Co.* will defeat any attempt to pierce the corporate veil"); Hiller v. Cranberry Products, Inc. v. Koplovsky Foods, Inc., 2 F. Supp. 2d 157, 162 (D. Mass. 1998) (*rev'd on other grounds*) ("It is undisputed that Edward M. Koplovsky is the dominant shareholder of KFI and Clermont and exercises pervasive control over both companies. These two factors alone, however, are not enough to support the alter ego theory").

Similarly, Plaintiff's allegation that Dr. Heina is "the primary beneficiary of monies earned by the entities" simply is untrue.[7/] Even if taken as true, however, Massachusetts courts expressly refuse to pierce the corporate veil based on the fact that an owner profits from a company. See, e.g., Birbara v. Locke, 99 F.3d at 1241 ("Plaintiffs largely based their case…on a theory that the two defendants ran [the company] for their personal benefit -- that by drawing salaries and receiving certain benefits, the defendants were siphoning off corporate funds. But that theory is topsy-turvy: managers should not be put to the Hobson's choice of either working for free or facing personal liability…").[8/]

### (b) Even If Dr. Heina's Alleged "Pervasive Control" Over Defendants Is Taken As True, Plaintiff Fails To Show How It Resulted In A Fraudulent or Injurious Consequence *To Him*.

Plaintiff's allegations regarding Dr. Heina's control over the Defendants cannot justify piercing the corporate veil for a second, independent reason: even assuming *arguendo* that Plaintiff can show such control, he fails to meet the critical requirement of proving that it somehow resulted in a "fraudulent or injurious" consequence *to him*. My Bread Baking Co., 353 Mass. at 619. Plaintiff attempts to conceal his failure by repeating the same allegations concerning Dr. Heina's general conduct *ad naseum* (i.e., repeatedly alleging that Dr. Heina is a director of a number of the Defendants). The clear fact remains, however, that Plaintiff fails at every turn to allege that such general conduct resulted in an injury to or fraud *specifically on him*. Without this showing, Massachusetts courts expressly refuse to pierce the corporate veil. See, e.g., Giuliano v. Nations Title, Inc., 938 F. Supp. 78, 82 (D. Mass. 1996) (refusing to pierce the

---

[7/] Dr. Heina has never had any ownership interest in the GmbH (the company which engaged Plaintiff as an independent contractor), in CDM UK, or in most of the entities that were in existence during the period that Plaintiff was retained as an independent contractor. In fact, Dr. Heina was an employee of GmbH, earning a moderate salary. When the company experienced a cash flow shortage, Dr. Heina's pay was delayed. Second Heina Aff. at ¶ 16.

[8/] Plaintiff's allegations regarding the "overlapping" directors of Defendants is similarly unpersuasive. See, e.g., American Home Assurance Co., 808 F. Supp. at 73 ("That a parent and a subsidiary share common officers, by itself, is not enough to support the alter-ego theory").

corporate veil, stating "There is no suggestion that Van Hirtum's and Alexander's [officers of parent who also participated in management in subsidiary] dual position provided cover for or otherwise was an element in the continuing injuries alleged..."); American Home Assurance Co., 808 F. Supp. at 73 (refusing to pierce the corporate veil, stating "That a parent and a subsidiary share common officers, by itself, is not enough to support the alter ego theory. Plaintiff has proffered no evidence that defendants' dealings were fraudulent and had injurious consequences...").[9]

### (c)   Plaintiff Fails To Show Any "Confused Intermingling" Of The Defendants.

In addition to failing to allege any pervasive control by Dr. Heina over the Defendants, Plaintiff fails to show a "confused intermingling of activity" or "serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting." See My Bread Baking Co., 353 Mass. at 619.

All Defendants observe proper corporate formalities and conduct their affairs so as to maintain corporate independence, see Second Heina Aff. at ¶¶ 42-63 -- a hallmark of Massachusetts' courts refusal to pierce the corporate veil. See, e.g., Birbara, 99 F.3d at 1239. For instance, the day-to-day operations of each Defendant (and its affiliates) are controlled by its respective directors and managers. See Second Heina Aff. at ¶¶ 52, 53. Each entity has a distinct and separate Board of Directors, and conducts its own separate Board meetings. See Second Heina Aff. at ¶ 52. Each entity maintains its own financial records and accounts; likewise, each entity files its own, separate tax returns. See Second Heina Aff. at ¶¶ 56-60. Every financial

---

[9]   The Court explains its position succinctly in Prudential Insurance Co. Of America v. Turner & Newall PLC: "To be entitled to have a court disregard the corporate form, the proponent must plead facts which demonstrate or from which it can be inferred that not only has there been a fraud or wrong but also that disregarding the corporate form is necessary in order to defeat an effect the fraud or wrong would have on the proponent *in this litigation*. In other words, it is not enough to allege that AWI committed and/or continues to commit a fraud or wrong; the plaintiff must show that a disregard of the corporate form is necessary to defeat the effect of the fraud or wrong upon it in this case." (*emphasis included by court*). Prudential Insurance Co., Civ. A. No. 85-2179-H, 1988 WL 150489 *1, *3 (D. Mass. December 12, 1988).

10

transaction between the Defendants is properly recorded in the relevant entity's financial records; if one loans money to the other, the transaction is conducted pursuant to a formally executed loan agreement that is properly recorded as an interest bearing loan in the relevant Defendants' financial records. See Second Heina Aff. at ¶¶ 60-61. Additionally, each Defendant has an office, with its own separate phone number, fax number, email address, letterhead and business cards. See Second Heina Aff. at ¶¶ 45, 49. Importantly, the GmbH (the entity which retained Plaintiff's services as an independent contractor – and which has submitted to jurisdiction in this case) is not affiliated with TEAMworks UK or TEAMworks Singapore and hence, the GmbH has never had any control over these Defendants. See Second Heina Aff. at ¶ 44.

### (d) Even If The Alleged "Intermingling" Of Defendants Were Taken As True, Plaintiff Fails To Show How It Confused, Injured Or Perpetrated A Fraud On Him.

In light of Massachusetts' basic prohibition on piercing the corporate veil, courts require that any alleged corporate "intermingling" results in confusion or injury to, or perpetrates a fraud on, the plaintiff -- similar to the "fraud or injurious consequence" requirement set forth in situation (a) of the My Bread Baking Co. analysis. See § IV(b) *supra*; see also Birbara, 99 F.3d at 1240 (refusing to pierce the corporate veil, noting that plaintiffs "were never misled about which corporate entity…was obligated to them or dealing with them"); Motorsport Engineering, Inc., 183 F. Supp. 2d at 216-17 (refusing to pierce the corporate veil, noting that plaintiff "…was not injured as a result of OAM [subsidiary] intermingling its relations with MAI [sister subsidiary], nor has there been any showing of fraudulent behavior"); Hiller, 2 F. Supp. 2d at 162 (*rev'd on other grounds*) (refusing to pierce the corporate veil, noting "The evidence demonstrates that plaintiff was aware that KFI, Clermont, and Edward M. Koplovsky were three

11

separate entities...Plaintiff had transacted business with KFI for a number of years and knew of its affiliate relationship with Clermont").[10]

Again, Plaintiff makes only *general* allegations regarding the intermingling of the Defendants (e.g., alleging that Dr. Heina "referred to all the companies collectively as TEAMworks," and disregarded corporate separateness in "presentations" of the company). Indeed, a number of Plaintiff's allegations resemble nothing more than basic grudges concerning working conditions (e.g., "During Cliveden's employment Heina routinely requested that he fly to the Guilford office in the UK to meet with him and the UK staff"). Again, however, Plaintiff fails to make any allegation whatsoever that such purported "intermingling" *specifically confused him* or resulted in fraud or injustice *towards him* – the key requirement for piercing the corporate veil. See id.

(e)  **Plaintiff's Reliance On Schaeffer Is Misplaced, And Provides No Support For His Argument.**

Finally, Plaintiff's legal argument fails because it ignores the *overwhelming* number of District Court cases refusing to pierce the corporate veil and, in a vain attempt to find any hook on which to hang his hat, relies on Schaeffer, a case that concerns a federal law question and therefore applies a different legal standard than will be applied here. See 886 F. Supp. 921. In fact, Schaeffer makes only passing reference to My Bread Baking Co., the case which *both parties* have presented as the guiding case in this matter. Id. at 924-925. Schaeffer's inapplicability is highlighted by its notation that federal question cases, unlike state question

---

[10] In fact, a number of Massachusetts District Court cases employ the My Bread Baking Co. standard as the first step in a two-step process for determining whether to pierce the corporate veil. See Omni-Wave Electronics Corp. v. Marshall Industries, 127 F.R.D. 644, 647-48 (D. Mass. 1989); Prudential Insurance Co. Of America v. Turner & Newall PLC, Civ. A. No. 85-2179-H, 1988 WL 150489, *1, *3 (D. Mass. December 12, 1988); NCR Credit Corporation v. Underground Camera, Inc., 581 F. Supp. 609, 612 (D. Mass. 1984). In the first step, the courts assess whether one entity exercised "pervasive control" over another or whether there is a "confused intermingling of activity" of the entities. See id. In the second step, the courts assess whether piercing the corporate veil "is necessary to defeat fraud or wrong or to prevent gross inequity." See id.

12

cases, require a plaintiff to show that a principal had "fraudulent intent in its modus operandi." Id. at 925. As stated above, however, My Bread Baking Co. and its progeny hold that the corporate veil will be pierced only when a principal's action results in confusion or injury, or perpetrates a fraud, on the plaintiff. Schaeffer does not utilize the applicable legal standard for piercing the corporate veil in state question cases and, therefore, provides no support for Plaintiff's legal argument.

## CONCLUSION

Thus, for the reasons discussed above, this Court lacks personal jurisdiction over Defendants CDM UK, TEAMworks UK, and TEAMworks Singapore, and these Defendants respectfully renew their request that the Court dismiss all claims against them and this case in its entirety.

Respectfully Submitted,

CDM CLINICAL DATA MANAGEMENT U.K., LTD., TEAMWORKS CLINICAL SOLUTIONS, LTD., AND TEAMWORKS CLINICAL SOLUTIONS PRIVATE, LTD.

By their attorneys:

Henry A. Sullivan (BBO #544371)
Lisa A. Weinman (BBO #648057)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

DATED: February 11, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that this 11th day of February, 2005, the foregoing *Defendants CDM Clinical Data Management U.K., Ltd., TEAMworks Clinical Solutions, Ltd., and TEAMworks Clinical Solutions Private, Ltd.'s Reply In Further Support Of Their Motion To Dismiss* was served upon all counsel in this matter by hand delivery, addressed to:

Jessica Block
Block & Roos, LLP
60 State Street, Suite 3800
Boston, MA 02109

Robert V. Lizza
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

/s/ Lisa A. Weinman

LIT 1504140v1