UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. BRENTWOOD CLIVEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>CDM CLINICAL DATA MANAGEMENT DEUTSCHLAND GMBH f/k/a TEAMWORKS COMMUNICATION SYSTEMS GMBH, CDM CLINICAL DATA MANAGEMENT UK LTD. f/k/a TEAMWORKS CLINICAL SERVICES LTD., TEAMWORKS CLINICAL SOLUTIONS LTD., TEAMWORKS CLINICAL SERVICES, INC., TEAMWORKS CLINICAL SOLUTIONS INTERNATIONAL, INC., TEAMWORKS CLINICAL SOLUTIONS PRIVATE LTD. and DR. THOMAS HEINA,<br><br>    Defendants,<br><br>and<br><br>MERCK & CO., INC.,<br><br>    Reach and Apply Defendant. | Civil Action No. 04-11093-JLT |

## STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

Plaintiff, J.P. Brentwood Cliveden, Defendants TEAMworks Clinical Solutions, Inc. f/k/a TEAMworks Clinical Services, Inc., TEAMworks Clinical Solutions International, Inc., CDM Clinical Data Management Deutschland, GmbH, and Thomas Heina, and Reach and Apply Defendant Merck & Co., by and through their respective counsel, hereby stipulate and agree to this Order Regarding the Protection of Confidential Information (the "Stipulated Order") to limit access to and use of proprietary, confidential information in the above-captioned litigation (the "Action"), as well as all confidential and proprietary information produced by the parties of

1

information during the discovery process. Accordingly, it is hereby **STIPULATED** and **AGREED** as follows:

1. (a) Any party, person or entity (hereinafter "Person") subject to discovery in the Action may, through counsel, designate as "Confidential" any files, documents, deposition testimony, information or other material furnished by that Person by agreement or in the course of pretrial discovery in the Action which such Person, in consultation with counsel, believes in good faith constitutes or reveals confidential, non-public business or personal information.

(b) Counsel for any Person may designate as "Confidential-Attorneys' Eyes Only" any files, documents, deposition testimony, and information furnished by or on behalf of that Person by agreement or in the course of pretrial discovery in the Action which such Person in good faith believes is of such a commercially sensitive nature that disclosure to persons other than those specified herein in paragraph 6 would reasonably be expected to result in injury to the designating party. Examples of documents or other information that are properly classifiable as "Confidential-Attorneys' Eyes Only" include, but are not necessarily limited to, the TEAMworks/Merck Master Agreement (and all accompanying attachments and documents) (collectively, the "Master Agreement") as well as financial information and marketing, customer, scientific or technological information and know-how.

(c) The designation by any Person of any document, material or information as "Confidential" or "Confidential-Attorneys' Eyes Only" shall constitute a representation that such document, material or information has been reviewed by an attorney for the Person and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" or

"Confidential-Attorneys' Eyes Only" in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

2. "Confidential" or "Confidential-Attorneys' Eyes Only" materials will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any related action and any appellate proceedings in the Action or any related appellate proceedings; they may not be used for any business or other purpose whatsoever.

3. Any documents or other tangible materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be so designated by stamping the material or at least the first page of any document with the legend "Confidential" or "Confidential - Attorneys' Eyes Only," respectively, or a substantially similar legend, at the time of their production.

4. Any deposition or other testimony may be designated as "Confidential " or "Confidential-Attorneys' Eyes Only" by any one of the following means:

(a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or "Confidential-Attorneys' Eyes Only" or that the entire deposition transcript is so designated; or

(b) sending written notice within thirty (30) days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential" or "Confidential - Attorneys' Eyes Only." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential-Attorneys' Eyes Only" until thirty (30)

days after the transcript of the deposition has been received by the party whose "Confidential" or "Confidential-Attorneys' Eyes Only" materials are involved.

5. Discovery materials designated "Confidential," which for the purposes of this paragraph does not include materials designated "Confidential-Attorneys' Eyes Only," shall not be disclosed by the party receiving such materials to persons other than:

(a) the United States District Court for the District of Massachusetts or any other court exercising appellate jurisdiction with respect to the determinations of the United States District Court for the District of Massachusetts (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party or the members of the upper-level management of any named party;

(c) counsel to the parties in the Action who have entered appearances in the Action and corporate or inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel, only if such persons are provided a copy of this Stipulated Order and agree to its terms;

(d) clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials only to the extent reasonably necessary to assist such counsel in these proceedings, only if such persons are provided a copy of this Stipulated Order and agree to its terms;

(e) any jurors and alternate jurors;

4

(f) the insurers and reinsurers of the parties to these proceedings or of the officers, directors, partners and employees of such parties, and the officers, directors, partners, employees, and counsel of such insurers and reinsurers, to the extent reasonably necessary to assert, investigate, respond to or perform other work in connection with any claim for insurance coverage, only if such persons are provided a copy of this Stipulated Order and agree to its terms;

(g) a non-party who authored or previously received the confidential information through lawful means, only if such persons are provided a copy of this Stipulated Order and agree to its terms;

(h) any expert or consultant as provided in paragraph 7 below, only if such persons are provided a copy of this Stipulated Order and agree to its terms; and

(i) any other person to whom the parties agree in writing.

6. Documents, materials or other information designated "Confidential-Attorneys' Eyes Only" shall be held in confidence and shall not be discussed, revealed or disclosed in any manner or form, with or to any person or entity other than the persons identified in, and subject to, Subparagraphs 5(a), (c), (d), (e), (f), (h) or (i).

7. "Confidential" or "Confidential-Attorneys' Eyes Only" materials may be provided to qualified experts or consultants retained by counsel in connection with the Action only to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution of the action, provided that such expert or consultant: (a) is using said information solely in connection with the Action; (b) executes a copy of the Certification attached as Exhibit A to this Stipulated Order agreeing in writing to be bound by the terms and conditions of this Stipulated Order and consenting to the jurisdiction of the United

States District Court for the District of Massachusetts for purposes of enforcement of the terms of this Stipulated Order; (c) agrees not to disclose or use such confidential discovery materials for purposes other than those permitted hereunder; and (d) has expertise in the field to which the information relates.

8. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving "Confidential" or "Confidential-Attorneys' Eyes Only" information. Such acknowledgements shall be available for inspection by the Court or by counsel for all parties to this action upon written request.

9. If any party objects to the designation of any materials or information as "Confidential" or "Confidential-Attorneys' Eyes Only," the party shall state the objection by letter to counsel for the Person making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the materials or information shall continue to be deemed "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Stipulated Order.

10. Any party seeking to file "Confidential" or "Confidential – Attorneys' Eyes Only" materials with the Court in any form, as part of a pleading, motion, or any other paper filed with the Court, shall file such information under seal. Toward this end, the filing party shall first or simultaneously therewith file a motion for impoundment of the "Confidential" or "Confidential – Attorneys' Eyes Only" materials in accordance with Local Rule 7.2 of the District of Massachusetts, and otherwise comply with the provisions of that rule. The nonfiling party shall assent to such motion for impoundment. If the Court does not allow the assented-to motion for impoundment, the parties shall consult and cooperate in order to obtain an order of impoundment prior to the filing of the Confidential Information. The Confidential Information

shall be submitted to the Court in a separate sealed envelope or other sealed container which shall bear the proceeding number and name, and indication of the general nature of the contents, and the cover page of any such paper or document shall contain the following notation: **"THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER. IT CONTAINS CONFIDENTIAL INFORMATION AND SHALL BE OPENED ONLY AS DIRECTED BY THE COURT."**

11. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" or "Confidential-Attorneys' Eyes Only" materials in connection with this Action.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" or "Confidential - Attorneys' Eyes Only" materials.

13. Within sixty (60) days after the producing Person's request therefore and after the final termination of the Action, counsel shall return all confidential materials and copies (including excerpts and summaries) thereof to counsel for the producing Person, or, in lieu thereof, certify in writing that such "Confidential" or "Confidential-Attorneys' Eyes Only" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the "Confidential" or "Confidential-Attorneys' Eyes Only" information contained therein will continue to be treated as provided in this Stipulated Order.

14. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

15. After termination of this Action, any party wishing to have any document previously marked as "Confidential" or "Confidential – Attorneys' Eyes Only" released from its confidential status over the objection of the designating party shall remain bound by this Stipulated Order unless released from the obligation of this Stipulated Order by the Court after notice to the designating party. Any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony shall be entitled to avail itself of the provisions and protections of this Stipulated Order by written notice invoking the specific terms hereof and by making production consistent with such terms. By doing so, such non-party shall assume the duties and obligations imposed hereby.

16. Nothing herein shall preclude any party from applying to the Court for an order modifying this Stipulated Order, or shall preclude any modification of this Stipulated Order with the consent of all parties hereto.

17. This Stipulated Order shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this Stipulated Order at any time upon notice to all parties.

**IT IS SO STIPULATED.**

J.P. BRENTWOOD CLIVEDEN

By his attorneys,

*/s/ Jessica Block*

Jessica Block, BBO No. 046110
Block & Roos, LLP
60 State Street, Suite 3800
Boston, MA 02109
(617) 223-1900

Dated: January___, 2005

CDM CLINICAL DATA MANAGEMENT DEUTSCHLAND, GMBH

By its attorneys,

*/s/ Henry A. Sullivan*

Henry A. Sullivan, BBO No. 544371
Lisa A. Weinman, BBO No. 648057
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: ~~December~~ January 6, ~~2004~~ 2005

MERCK & CO.

By its attorneys,

*/s/ Robert V. Lizza*

Robert V. Lizza, BBO No. 302410
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 212-9933

Dated: ~~December~~ January 26, 200~~4~~5

9

IT IS SO ORDERED

Joseph L. Tauro
United States District Judge

2/17/05

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. BRENTWOOD CLIVEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>CDM CLINICAL DATA MANAGEMENT DEUTSCHLAND GMBH f/k/a TEAMWORKS COMMUNICATION SYSTEMS GMBH, CDM CLINICAL DATA MANAGEMENT UK LTD. f/k/a TEAMWORKS CLINICAL SERVICES LTD., TEAMWORKS CLINICAL SOLUTIONS LTD., TEAMWORKS CLINICAL SERVICES, INC., TEAMWORKS CLINICAL SOLUTIONS INTERNATIONAL, INC., TEAMWORKS CLINICAL SOLUTIONS PRIVATE LTD. and DR. THOMAS HEINA,<br><br>    Defendants,<br><br>and<br><br>MERCK & CO., INC.,<br><br>    Reach and Apply Defendant. | Civil Action No. 04-11093-JLT |

## CERTIFICATION

I am an expert witness or consultant retained by _____

for the purposes of providing assistance in this litigation. I have received and reviewed the attached Stipulated Order. I agree to be bound by the terms and conditions of this Stipulated Order and consent to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the terms of this Stipulated Order. I agree not to disclose or use confidential discovery materials for purposes other than those permitted in this Stipulated Order and agree to use such material solely in connection with the Action.

_____       _____
                                                                                                                             Date

LIT 1496892v1